# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JAMIE STORER, et al., )  | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 1:07-CV-126 |
| ) | |
| WAL-MART STORES, INC., et al., ) | |
| ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendant Federal Express Corporation based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[1] (Docket # 2.) The Notice of Removal alleges: "The Plaintiffs Jamie Storer and Pepper Storer, upon information and belief, are, and were at the commencement of this action, residents of the State of Indiana. (Notice of Removal ¶ 3.)

Defendant's Notice of Removal, however, is inadequate. This is because the "residency" of the Plaintiffs is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[2] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also*

---

[1] Defendant Wal-Mart Stores, Inc., consents to Federal Express Corporation's removal of this action. (Notice of Removal ¶ 6.)

[2] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

*Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.") Therefore, the Court must be advised of each Plaintiff's citizenship, not residency. *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit.") (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

Therefore, Defendant Federal Express Corporation is ORDERED to supplement the record forthwith to properly state the citizenship of each Plaintiff.

SO ORDERED.

Enter for this 5th day of June, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge